1  WILLIAM MOLINSKI (STATE BAR NO. 145186)
   wmolimski@orrick.com
2  ANDREW DAVIDSON (STATE BAR NO. 266506)
   adavidson@orrick.com
3  TIERRA D. PIENS (STATE BAR NO. 315290)
   tpiens@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, California  94105
6  Telephone:     +1 415 773-5700
   Facsimile:      +1 415 773-5759
7

8  Attorneys for Defendants
   AEROVIAS DE MEXICO, S.A. DE C.V.; GRUPO
9  AEROMEXICO S.A.B. DE C.V.

10                 UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13 | MALINA KINDT and GEORGE PAPPAS,            Case No.  5:17-cv-04999
   | individually and on behalf of a class of
14 | similarly situated individuals,

15 |         Plaintiff,                         **NOTICE OF REMOVAL UNDER 28
                                                 U.S.C. §§ 1332, 1441, 1446 AND 1453 BY
16 |    v.                                       DEFENDANTS AEROVIAS DE
                                                 MÉXICO, S.A. DE C.V., GRUPO
17 | AEROVIAS DE MÉXICO, S.A. DE C.V.;           AEROMÉXICO S.A.B. DE C.V.**
   | GRUPO AÉROMEXICO S.A.B. DE C.V.; and
18 | DOES 1 through 50, inclusive,

19 |         Defendants.

20

21

22

23

24

25

26

27

28

                                                              DEFENDANTS' NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Aerovias de México, S.A. de C.V. and Grupo Aeroméxico, S.A.B. de C.V. (collectively "Aeroméxico" or "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Santa Clara, and states that the removal is proper for the reasons stated below.

## BACKGROUND

1. On June 22, 2017, Plaintiffs Malinda Kindt and George Pappas, individually and purportedly on behalf of all others similarly situated, filed a Complaint in the Superior Court of California for the County of Santa Clara, entitled "*Malinda Kindt and George Pappas, individually and purportedly on behalf of all others similarly situated, v. Aerovias de México, S.A. de C.V., Grupo Aeroméxico, S.A.B. de C.V., and DOES 1 through 50, inclusive*," Case No. 17CV312100 (the "Action"). The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2. The Complaint asserts one cause of action: a violation of California Penal Code § 632.7.

3. The Complaint names as defendant Aerovias de México, S.A. de C.V. and Grupo Aeroméxico, S.A.B. de C.V., which are non-California corporations. Defendant Aerovias de México, S.A. de C.V is a foreign corporation with its principal place in business in Mexico City, Mexico. Defendant Grupo Aeroméxico, S.A.B. de C.V. is a foreign corporation with its headquarters in Mexico City, Mexico. Defendants are informed and believe there have been no other defendants named in this case.

4. Defendants' agent for service of process was served with the Summons and Complaint and other papers on July 24, 2017. The Summons and Complaint are attached hereto together with all other pleadings, process and orders served on Defendants as **Exhibit A**. This

Notice of Removal is timely under any removal time period. 28 U.S.C. § 1446(b) (filed within thirty days of the first receipt by a defendant of a copy of the Summons and Complaint in this matter).

## CLASS ACTION FAIRNESS ACT

5. Defendants remove this action based upon the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d). This Court has original jurisdiction of this action under § 1332(d)(2). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no defendant identified in the Complaint is a state, officer of a state, or a governmental agency. 28 U.S.C. § 1332(d)(5).

## DIVERSITY OF CITIZENSHIP

6. <u>Plaintiffs' Citizenship.</u> Plaintiff Malinda Kindt alleges that she is a resident of California. Complaint, ¶ 4. Plaintiff George Pappas alleges that he is a resident of California. Complaint, ¶ 5. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Defendants therefore allege that Plaintiffs are citizens of California.

7. <u>Citizenship of Members of Proposed Plaintiff Class.</u> Plaintiffs allege that the proposed class consists only of persons who were "California residents who, while located in California at any time during the applicable limitations […] called one or more of Defendants' toll-free telephone numbers." Complaint ¶ 22.

8. <u>Defendants' Citizenship.</u> Defendant Aerovias de México, S.A. de C.V is incorporated under the laws of Mexico, and has its principal place in business in Mexico City, Mexico. Defendant Grupo Aeroméxico, S.A.B. de C.V. is incorporated under the laws of

Mexico, and has its principal place in business in Mexico City, Mexico.  Declaration of Guadalupe Emilia Perez Hernandez in Support of Defendant's Notice of Removal ("Hernandez Decl."), ¶ 6.  A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).

9.   <u>Doe Defendants' Citizenship.</u>  The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990).

10.   <u>Size of Class.</u>  The Complaint defines the following proposed class: All California residents who, while located in California at any time during the applicable limitations period preceding the filing of this Complaint and through and including the date of resolution, called one or more of Defendants' toll-free telephone numbers while one or both parties to the call were using a cellular or cordless telephone and whose calls were recorded and/or monitored by Defendants without warning or disclosure at the call outset.  Complaint, ¶ 22.

11.   Plaintiff alleges that the class is estimated to be at least 75 individuals.  Complaint, ¶ 27.  Defendants assert that more than 1,000 calls were placed from telephones with California area codes to Aeroméxico during the one-year period alleged in the complaint.  *See* Hernandez Decl. ¶ 4.

## AMOUNT IN CONTROVERSY

12.   In considering the amount in controversy, what matters is the amount put in controversy by plaintiff's complaint, not what amount the defendant will actually owe (if anything).  "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met").  Consequently, the existence of a defense that may apply to some or all of the claims is irrelevant.

"[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum." *Lara v. Trimac Transp. Servs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366 at *3 (C.D. Cal. Aug. 6, 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, (1938) ("[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand.")). If the rule were otherwise, then a court would need to decide the merits before deciding the jurisdictional issue, which is plainly untenable. *Lara*, 2010 WL 3119366 at *3, quoting *Larsen v. Hofman*, 444 F. Supp. 245 (D.D.C. 1977) ("Jurisdictional determinations would otherwise have to await the outcome of trial on the merits in which counterclaims, set-offs, etc. may or may not be raised and, even if raised, may ultimately be demonstrated to be invalid").

13. The alleged amount in controversy in this proposed class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. Defendants deny Plaintiffs' claims in their entirety and assert that Plaintiffs' claims are not amenable to class treatment, but provide the following analysis of potential damages (without admitting liability) based on the allegations in Plaintiffs' Complaint to demonstrate that Plaintiffs' Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d). The Complaint seeks damages in the amount specified by California Penal Code § 632.7, which sets forth statutory damages of $5,000 per violation.

14. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Defendant must show by a preponderance of the evidence that CAFA's jurisdictional requirements are satisfied. *Rodriguez v. AT&T Mobility Sevs. LLC*, 728 F.3d 975 (9th Cir. 2013); *Abrego*, 443 F.3d at 683. The burden is not "daunting," and "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 U.S. Dist.

LEXIS 31515, at *7 (E.D. Cal. April 30, 2007) (citation omitted); *Ray v. Wells Fargo Bank, N.A.*, CV 11–1477 AHM (JCx), 2011 WL 1790123, at *5 (C.D.Cal. May 9, 2011); *Deehan v. Amerigas Ptnrs., L.P.*, 2008 U.S. Dist. LEXIS 67180, at *4 (S.D. Cal. Sept. 2, 2008) ("Defendant is not required to prove Plaintiff's case for him").[1]  The preponderance burden is satisfied where the defendant's calculations are conservative, made in good faith, and based on evidence wherever possible. *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). Thus, Defendants in this case are only required to establish that it is more likely than not that the amount in controversy exceeds $5,000,000.  Statutory penalties may be considered by the Court when determining the amount in controversy.  *See Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)); *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met").  The Court should also include requests for attorneys' fees in determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

15. The potential damages Plaintiffs seek in this Action exceed $5,000,000, exclusive of interest and costs.  Defendants' records show that more than 1,000 calls were placed from California area codes to Aeroméxico during the statutory period of June 22, 2016 to June 22, 2017.  Hernandez Decl. ¶ 4.

16. Plaintiffs' first cause of action for violation of California Penal Code § 632.7, the unlawful recording and/or monitoring of cellular and cordless telephone communications, seeks penalties of $5,000 per violation on behalf of the proposed class.  Complaint, ¶ 41(c); *see also* Cal. Penal Code § 637.2.  Defendants' records show that more than 1,000 calls from California area codes were placed to Aeroméxico during the statutory period.  Hernandez Decl. ¶ 4. Multiplying the minimum number of calls (1,000) by the statutory penalty under California Penal

---

[1]  Accordingly, nothing in this Notice should be deemed an admission of liability by Defendant. Defendant affirmatively denies it is liable and denies that Plaintiff and the proposed class have been damaged at all.

Code 637.2($5,000), Plaintiffs' Complaint places in controversy at least $5,000,000. *See* Hernandez Decl. ¶ 5; Complaint, ¶ 41(c).

17. As the calculations above demonstrate, there is well over $5,000,000 in controversy, based on proposed class size and the statutory penalty amounts.

### NO BASES FOR REJECTING OR DECLINING JURISDICTION

18. There are no bases for this Court to reject or decline jurisdiction as set out in 28 U.S.C. § 1332(d). Further, as set out above, no named defendant is a citizen of California; thus 28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(II) are inapplicable.

### VENUE

19. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(d). This action was originally brought in the Superior Court of the State of California, County of Santa Clara, which is embraced by the Northern District of California.

### NOTICE OF REMOVAL

20. This Notice of Removal shall be served promptly on Plaintiffs Malinda Kindt and George Pappas and filed with the Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

21. In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of all state-court papers served herein, including the summons and Complaint.

22. WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

Dated: August 28, 2017

WILLIAM A. MOLINSKI
ANDREW DAVIDSON
TIERRA PIENS
Orrick, Herrington & Sutcliffe LLP

By: */s/ William A. Molinski*
    WILLIAM A. MOLINSKI
    Attorneys for Defendant
    AEROMEXICO